1   MAYER BROWN LLP
    John P. Zaimes (SBN 91933)
2     *jzaimes@mayerbrown.com*
    Ruth Zadikany (SBN 260288)
3     *rzadikany@mayerbrown.com*
4   350 South Grand Avenue, 25th Floor
    Los Angeles, CA 90071
5   Telephone: (213) 229-9545
    Facsimile: (213) 625-0248
6
7   MAYER BROWN LLP
    Archis A. Parasharami (DC Bar No. 477493)
8   (admitted *pro hac vice*)
      *aparasharami@mayerbrown.com*
9   1999 K Street NW
    Washington, DC 20006
10  Telephone: (202) 263-3000
    Facsimile: (202) 263-3300
11
12  Attorneys for Defendant,
    LYFT, INC.
13

14              **UNITED STATES DISTRICT COURT**

15            **NORTHERN DISTRICT OF CALIFORNIA**

16

| | |
|---|---|
| 17  MICHAEL NOKCHAN, on behalf of himself and all others similarly situated, | Case No. 3:15-cv-03008-JCS |
| 18                           Plaintiff, | **LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS OR STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 19              v. | |
| 20  LYFT, INC., | Date:   Friday, October 2, 2015 |
| 21 | Time:  9:30 a.m. |
| 22                           Defendant. | Courtroom:  G, 15th Floor |
| 23 | Honorable Joseph C. Spero |
| 24 | [Declaration of Daniel Jones and [Proposed] Order Filed Concurrently Herewith] |
| 25 | |

26

27

28

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on Friday, October 2, at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Joseph C. Spero, in Courtroom G, 15th floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Lyft, Inc. ("Lyft") will, and hereby does, move to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to stay this action pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-1339, 135 S. Ct. 1892 (2015).

There is good cause to grant this motion. Plaintiff Michael Nokchan alleges that when he signed up to be a driver on Lyft's platform, Lyft procured a background report about him. He acknowledges that this practice was disclosed to him and that he filled out and signed a document authorizing the report, but he alleges that Lyft failed to provide him with a stand-alone written disclosure or the requisite summary of rights notice in violation of the Fair Credit Reporting Act and similar California statutes. Nokchan lacks Article III standing because he alleges mere technical statutory violations and fails to allege any actual, concrete injury-in-fact. His claims are therefore subject to dismissal for lack of subject matter jurisdiction.

Lyft recognizes that the Ninth Circuit reached the opposite conclusion in *Spokeo v. Robins,* a case which the Supreme Court is now reviewing. Accordingly, if the Court does not dismiss this action, judicial economy would best be served by staying this action until *Spokeo* is decided, because the Supreme Court's decision will substantially affect (if not outright dispose of) the jurisdictional issues raised by this motion to dismiss. Numerous courts around the country—including courts in this District—have granted similar stays.

This motion is based on this notice of motion and motion, on the accompanying memorandum of points and authorities, on the Declaration of Daniel Jones filed concurrently herewith, on the pleadings, papers and other documents on file in this action, and on such other evidence and argument as maybe presented to the Court at or prior to the hearing in this matter.

`

1   Dated:  August 26, 2015                    MAYER BROWN LLP

2

3                                              By: */s/ John P. Zaimes*
                                               John P. Zaimes
4
                                               Attorneys for Defendant,
5                                              LYFT, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.     PRELIMINARY STATEMENT ..................................................................................... 1

II.    BACKGROUND ........................................................................................................... 3

III.   NOKCHAN HAS FAILED TO ALLEGE INJURY IN FACT, AND THIS
       ACTION SHOULD EITHER BE DISMISSED OR, IN THE ALTERNATIVE,
       STAYED ......................................................................................................................... 3

       A.    A Stay Is Appropriate Pending The Supreme Court's Resolution Of A
             Threshold Jurisdictional Question That Bears Directly On This Case .................. 5

       B.    The Balance Of Hardships And Judicial Economy Favor A Stay In This
             Case ..................................................................................................................... 7

             1.    Several factors here weigh heavily in favor of a stay ............................... 7

             2.    The public interest in judicial economy also favors a stay ........................ 9

IV.    CONCLUSION ............................................................................................................. 11

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

*In re Apple iPhone 3G & 3GS MMS Marketing & Sales Practices Litig.,*
5
  864 F. Supp. 2d 451 (E.D. La. 2012) .....................................................................................7

6

*Ariz. Christian Sch. Tuition Org. v. Winn,*
  131 S. Ct. 1436 (2011) ...........................................................................................................4

7

*ASIS Internet Servs. v. Member Source Media, LLC,*
8
  2008 WL 4164822 (N.D. Cal. Sept. 8, 2008) ......................................................................10

9

*AT&T Mobility LLC v. Concepcion,*
  131 S. Ct. 1740 (2011) .................................................................................................6, 7, 10
10

11

*Boise v. ACE USA, Inc.,*
  2015 WL 4077433 (S.D. Fla. July 6, 2015) ................................................................ *passim*

12

*Campbell-Ewald Co. v. Gomez,*
13
  No. 14-857, 135 S. Ct. 2311 (2015) ......................................................................................2

14

*Cardenas v. AmeriCredit Fin. Servs., Inc.,*
15
  2011 WL 846070 (N.D. Cal. Mar. 8, 2011) ..........................................................................6

16

*CMAX, Inc. v. Hall,*
  300 F.2d 265 (9th Cir. 1962) .............................................................................................7, 8

17

*Cuadras v. MetroPCS Wireless, Inc.,*
18
  2011 WL 227591 (C.D. Cal. Jan. 21, 2011) ...................................................................6, 10

19

*Flores v. Collection Consultants of Cal.,*
  No. 14-cv-771, Dkt. No. 45 (C.D. Cal. July 27, 2015) ................................................. *passim*
20

21

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,*
  528 U.S. 167 (2000) ...............................................................................................................4

22

*Gladstone, Realtors v. Vill. of Bellwood,*
23
  441 U.S. 91 (1979) .................................................................................................................4

24

*Hillson v. Kelly Servs., Inc.,*
  2015 WL 4488493 (E.D. Mich. July 15, 2015) ............................................................2, 6, 10

25

*Homa v. Am. Express Co.,*
26
  2010 WL 4116481 (D.N.J. Oct. 18, 2010) .............................................................................7

27

28

# TABLE OF AUTHORITIES
(continued)

**Page**

*In re Incretin-Based Therapies Prods. Liab. Litig.*,
    2014 WL 5438546 (S.D. Cal. Oct. 23, 2014) .......................................................................6, 7

*Kaplan v. AT&T Mobility, LLC*,
    2010 WL 4774790 (C.D. Cal. Sept. 27, 2010) ...................................................................7, 10

*Kirchner v. Shred-It USA, Inc.*,
    No. 14-cv-1437, Dkt. No. 59 (E.D. Cal. June 18, 2015) ...................................................2, 6, 8

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...........................................................................................................5, 7

*Larson v. Trans Union, LLC*,
    2015 WL 3945052 (N.D. Cal. June 26, 2015) ..................................................................2, 6, 8

*Leyva v. Certified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) ...............................................................................................5, 9

*Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*,
    2009 WL 1010842 (N.D. Cal. Apr. 14, 2009) .........................................................................9

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) .................................................................................................5

*Lopez v. Heckler*,
    713 F.2d 1432 (9th Cir. 1983) ...............................................................................................10

*Lowden v. T-Mobile USA, Inc.*,
    2006 WL 1896678 (W.D. Wash. July 10, 2006) .....................................................................9

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................................................................4

*McArdle v. AT&T Mobility LLC*,
    2010 WL 2867305 (N.D. Cal. July 20, 2010).......................................................................11

*Mediterranean Enters., Inc. v. Ssangyong Corp.*,
    708 F.2d 1458 (9th Cir. 1983) .................................................................................................5

*Miller v. Trans Union LLC*,
    No. 12-cv-1715, Dkt. No. 119 (M.D. Pa. Aug. 3, 2015) .............................................2, 6, 9, 10

*In re Monitronics Int'l, Inc. Telephone Consumer Protection Act Litig.*,
    No. 1:13-md-2493, Dkt. No. 38 (N.D. W. Va. June 17, 2015).........................................2, 6, 8

iii

## TABLE OF AUTHORITIES
(continued)

**Page**

*Provo v. Rady Children's Hosp.*,
  No. 15-cv-81, Dkt. No. 31 (S.D. Cal. July 29, 2015) ......................................................2, 6, 9

*Raines v. Byrd*,
  521 U.S. 811 (1997)...................................................................................................................4

*Robins v. Spokeo, Inc.*,
  742 F.3d 409 (9th Cir. 2014) ....................................................................................................1

*Spokeo, Inc. v. Robins*,
  No. 13-1339, 135 S. Ct. 1892 (2015)............................................................................. *passim*

*Stone v. INS*,
  514 U.S. 386 (1995)...................................................................................................................5

*Stone v. Sterling Infosystems, Inc.*,
  2015 WL 4602968 (E.D. Cal. July 29, 2015) ..............................................................2, 5, 6, 9

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009)...................................................................................................................4

*Sutherland v. Ernst & Young LLP*,
  856 F. Supp. 2d 638 (S.D.N.Y. 2012).....................................................................................10

*Syed v. M-I LLC*,
  2015 WL 3630310 (E.D. Cal. May 29, 2015) .............................................................2, 5, 6, 8

*Vernon v. Qwest Commc'ns Int'l, Inc.*,
  857 F. Supp. 2d 1135 (D. Colo. 2012).......................................................................................7

*Williams v. Elephant Ins. Co.*,
  2015 WL 3631691 (E.D. Va. May 27, 2015) .......................................................................2, 6

**STATUTES, RULES AND REGULATIONS**

Fed. R. Civ. Pr. 12(b)(1) ...........................................................................................................1, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Defendant Lyft, Inc. ("Lyft") moves to dismiss plaintiff Michael Nokchan's ("Nokchan") Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  In the alternative, Lyft moves to stay this case.

Nokchan alleges in his Complaint that Lyft procured background reports about him and other applicants to be drivers on Lyft's platform.  Compl. ¶¶ 2, 26, 50, 65.  He acknowledges that he was required to fill out and sign a form advising him that a background report would be procured (*id.* ¶¶ 27, 51, 66), but he alleges that Lyft's disclosure was not in compliance with the provisions of the Fair Credit Reporting Act ("FCRA") and California's Investigative Consumer Reporting Agencies Act ("ICRAA") and Consumer Credit Reporting Agencies Act ("CCRAA").  Notably, Nokchan does not allege that Lyft took any adverse action against him based on a background report, nor that he was harmed in any other way by Lyft's alleged failure to provide him with the statutory disclosures.

Despite this complete lack of any concrete injury, Nokchan demands statutory damages under the FCRA and the related California statutes.  However, this Court lacks subject matter jurisdiction to entertain his claims.  In particular, Nokchan lacks Article III standing because he alleges a mere technical statutory violation and fails to allege any actual, concrete injury-in-fact.

Lyft recognizes that the Ninth Circuit took a contrary position on the dismissal issue in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), holding that the allegation of a mere technical violation of the FCRA is enough to establish Article III standing. But the Supreme Court has recently granted review of that case to address this very issue.  *See Spokeo, Inc. v. Robins*, No. 13-1339, 135 S. Ct. 1892 (2015).

Therefore, if this Court is inclined to not dismiss this action for lack of subject matter jurisdiction, judicial economy would best be served by staying this action until *Spokeo* is decided, because the Supreme Court's decision in *Spokeo* will substantially affect (if not outright dispose of) the jurisdictional standing issue raised by this motion.  Accordingly, Lyft in the alternative moves for a stay of this action pending the Supreme Court's resolution of the *Spokeo*

`

1   case.

2         Numerous authorities in the Ninth Circuit and elsewhere support such a stay, in particular

3   federal courts faced with claims under the FCRA or similar statutes.  They have recognized the

4   significance of the Supreme Court's grant of review in *Spokeo* and have entered stays pending

5   the outcome of that case.  *See, e.g.*, *Stone v. Sterling Infosystems, Inc.*, 2015 WL 4602968, at \*2-

6   3 (E.D. Cal. July 29, 2015) (FCRA class action); *Hillson v. Kelly Servs., Inc.*, 2015 WL 4488493,

7   at \*1 (E.D. Mich. July 15, 2015) (FCRA class action); *Larson v. Trans Union, LLC*, 2015 WL

8   3945052, at \*7-8 (N.D. Cal. June 26, 2015) (FCRA class action); Decl. of Daniel Jones Ex. A

9   (*Miller v. Trans Union LLC*, No. 12-cv-1715, Dkt. No. 119 (M.D. Pa. Aug. 3, 2015) (FCRA

10  class action)); *id.* Ex. B (*Provo v. Rady Children's Hosp.*, No. 15-cv-81, Dkt. No. 31 (S.D. Cal.

11  July 29, 2015) (Fair Debt Collection Practices Act)); *id.* Ex. C (*Flores v. Collection Consultants*

12  *of Cal.*, No. 14-cv-771, Dkt. No. 45 (C.D. Cal. July 27, 2015) (Fair Debt Collection Practices Act

13  and related California statute); *see also, e.g.*, *Boise v. ACE USA, Inc.*, 2015 WL 4077433, at \*5-6

14  (S.D. Fla. July 6, 2015) (entering stay in putative class action arising under Telephone Consumer

15  Protection Act class action pending outcome of *Spokeo* and *Campbell-Ewald Co. v. Gomez*, No.

16  14-857, 135 S. Ct. 2311 (2015), which raises another Article III jurisdictional issue); *Williams v.*

17  *Elephant Ins. Co.*, 2015 WL 3631691, at \*1 (E.D. Va. May 27, 2015) (same).

18        In still other cases, the parties themselves have recognized that a stay is warranted in light

19  of the Supreme Court's upcoming guidance, have proposed stipulations to that effect, and the

20  courts have approved such stipulations.  *See Syed v. M-I LLC*, 2015 WL 3630310, at \*1 (E.D.

21  Cal. May 29, 2015) (staying FCRA class action pending *Spokeo*); Jones Decl. Ex. D (*Kirchner v.*

22  *Shred-It USA, Inc.*, No. 14-cv-1437, Dkt. No. 59 (E.D. Cal. June 18, 2015) (same)); *see also*

23  Jones Decl. Ex. E (*In re Monitronics Int'l, Inc. Telephone Consumer Protection Act Litig.*, No.

24  1:13-md-2493, Dkt. No. 462 (N.D. W. Va. June 17, 2015) (staying multi-district litigation,

25  including several class actions, under Telephone Consumer Protection Act pending Supreme

26  Court's decisions in *Spokeo* and *Campbell-Ewald*)).

27

28

## II.   **BACKGROUND**

Defendant Lyft is a mobile phone-based ridesharing platform.  It is designed to provide users with a friendly, safe, and affordable transportation option that matches people who need rides to particular destinations with people driving to or through those destinations. *See* https://www.lyft.com/drivers.  Lyft connects riders and drivers via its mobile phone application, the Lyft App.  *Id.*  Through the Lyft App, passengers can connect with fellow Lyft community members, providing passengers with a transportation alternative that is safe and sustainable.  *Id.*

Nokchan alleges that Lyft procured background reports about him and other applicants to be drivers on Lyft's platform.  Compl. ¶¶ 2, 26, 50, 65.  He acknowledges that he was required to fill out and sign a form advising him that a background report would be procured (*id.* ¶¶ 27, 51, 66), but he alleges that Lyft's disclosure was not in compliance with the provisions of the FCRA and related California statutes.

Based on the alleged FCRA violations, Nokchan seeks to represent a nationwide putative class of:

> "[a]ll of Defendant's current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action."

*Id.* ¶ 11A.[1]

He also seeks to represent state-wide classes of all of Lyft's current, former and prospective applicants in California at any time during the period beginning five years prior to the filing of this action based on alleged violations of  ICRAA, and seven years prior to the filing of this action based on alleged violation of CCRAA.  *Id.* ¶¶ 11B-C.

## III.   **NOKCHAN HAS FAILED TO ALLEGE INJURY IN FACT, AND THIS ACTION SHOULD EITHER BE DISMISSED OR, IN THE ALTERNATIVE, STAYED**

Nokchan does not allege any injury in fact based on any of these alleged violations.  He

---

[1]     Lyft disputes the characterization of drivers as "employees" or of prospective drivers as "applicants for employment."  Drivers are users of Lyft's platform, not employees.  But that dispute is immaterial for purposes of the present motion.

1  therefore lacks Article III standing to pursue his allegations of a technical, harmless violation of

2  the FCRA and related California statutes.

3      To establish standing (and thus federal jurisdiction) under Article III, a plaintiff bears the

4  burden of showing that he:

5      (1) . . . has suffered an "injury in fact" that is (a) concrete and particularized and
       (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly
6      traceable to the challenged action of the defendant; and (3) it is likely, as opposed
       to merely speculative, that the injury will be redressed by a favorable decision.
7

8  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

9      The injury-in-fact requirement is the "irreducible constitutional minimum" for standing.

10  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Alleging a mere violation of a statute

11  does not suffice to establish the requisite injury; because the injury-in-fact requirement "is a hard

12  floor of Article III jurisdiction," it "cannot be removed by statute."  *Summers v. Earth Island*

13  *Inst.*, 555 U.S. 488, 497 (2009).  Indeed, it has long been "settled that Congress cannot erase

14  Article III's standing requirements by statutorily granting the right to sue to a plaintiff who

15  would not otherwise have standing." *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) (citing

16  *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979)).  Moreover, the Supreme

17  Court has "always insisted on strict compliance with this jurisdictional standing requirement."

18  *Id.* at 819.  As the Court has recently cautioned, "[i]n an era of frequent litigation, class actions,

19  sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial

20  remedies, courts must be more careful to insist on the formal rules of standing, not less so." *Ariz.*

21  *Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1449 (2011).

22      Accordingly, in order to establish injury, Nokchan must do more than merely allege a

23  bare violation of the FCRA or related California statutes.  He must also demonstrate that the

24  alleged violation caused him "concrete and particularized" harm.  *Friends of the Earth*, 528 U.S.

25  at 180; *Lujan*, 504 U.S. at 560.  Nokchan cannot meet that burden here, as he has alleged no

26  injury whatsoever from Lyft's alleged failure to provide him with the statutory disclosures.

27      Although Nokchan lacks Article III standing, Lyft recognizes that, under current Ninth

28

Circuit precedent (including its decision in *Spokeo*), this Court likely cannot yet reach that conclusion.  Assuming that is the case, the Court can and should stay this action pending the Supreme Court's resolution of *Spokeo*, which is another putative class action brought under the FCRA and presents the question whether a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, has Article III standing based on a bare violation of a statute.  In fact, *Spokeo* is on all fours with this matter.  As another court in the Ninth Circuit noted in *Stone v. Sterling Infosystems, supra*, another FCRA putative class action, "[t]he Supreme Court's decision in *Spokeo* will provide direct authority on whether Plaintiff has standing to bring this case.  Because Plaintiff did not suffer any actual harm and relies solely on Defendant's statutory violation to establish standing, a decision by the Supreme Court overturning the Ninth Circuit's holding would deprive the Plaintiff of standing to bring his claim and deprive this Court of subject matter jurisdiction." *Stone*, 2015 WL 4602968, at *2; *see also, e.g.*, *Syed v. M-1 LLC*, supra, 2015 WL 3630310, at *1 ("As in *Spokeo*, Plaintiff's complaint alleges statutory violations of the FCRA, and seeks only statutory damages.  Resolution of *Spokeo* and the standing issue is therefore critical to and potentially dispositive of the present action.").

### A.    A Stay Is Appropriate Pending The Supreme Court's Resolution Of A Threshold Jurisdictional Question That Bears Directly On This Case

The Supreme Court has "long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. INS*, 514 U.S. 386, 411 (1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Similarly, the Ninth Circuit has explained that, "'[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005)

1    (same).  Accordingly, courts in this Circuit often stay proceedings pending an appellate court's

2    "resolution of another matter [that] will have a direct impact on the issues before the court,

3    thereby substantially simplifying the issues presented."  *In re Incretin-Based Therapies Prods.*

4    *Liab. Litig.*, 2014 WL 5438546, at *2 (S.D. Cal. Oct. 23, 2014).

5        As we discuss in more detail below (*see* part III.B, *infra*), if this case were to proceed

6    now, only to have the Supreme Court later rule that Nokchan lacks standing to bring his claims,

7    all of the time and effort that the parties and this Court would have expended litigating this case

8    further will have been for naught.  Judicial economy will clearly best be served by holding this

9    case in abeyance pending the Supreme Court's decision in *Spokeo*.

10       It is therefore not surprising that other federal courts considering requests for stays

11   pending the outcome in *Spokeo* have repeatedly granted such requests.  *See, e.g.*, *Stone*, 2015

12   WL 4602968, at *2-3; *Hillson*, 2015 WL 4488493, at *1; *Larson*, 2015 WL 3945052, at *7-8;

13   *Syed*, 2015 WL 3630310, at *1; Jones Decl. Ex. A (*Miller* order); *id.* Ex. B (*Provo* order); *id.* Ex.

14   C (*Flores* order); *id.* Ex. D (*Kirchner* order); *see also, e.g.*, *Boise*, 2015 WL 4077433, at *5-6

15   (entering stay pending outcome of *Spokeo* and *Campbell-Ewald*); *Williams*, 2015 WL 3631691,

16   at *1 (same); Jones Decl. Ex. E (*Monitronics* order (same)).

17       A similar situation arose just a few years ago when the Supreme Court granted certiorari

18   in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), and an overwhelming majority of

19   courts entered stays pending the outcome of *Concepcion*.  The grant of certiorari in *Concepcion*

20   promised to clarify whether the Federal Arbitration Act preempted state laws that operated to

21   invalidate consumer arbitration agreements.  Court after court, including this Court and others in

22   the Ninth Circuit, recognized that the decision in *Concepcion*—much like the upcoming decision

23   in *Spokeo*—would resolve the threshold question of whether the plaintiffs before them belonged

24   there at all.  Therefore, once the Supreme Court agreed to hear *Concepcion,* those courts granted

25   stays.  *See, e.g.*, *Cardenas v. AmeriCredit Fin. Servs., Inc.*, 2011 WL 846070, at *2–5 (N.D. Cal.

26   Mar. 8, 2011) (holding that the "orderly course of justice" and "balance of harms" favored a stay

27   pending *Concepcion*); *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 227591, at *2 (C.D. Cal.

28

Jan. 21, 2011) (collecting cases granting stays pending a decision in *Concepcion*, and noting that "the weight of authority appears to be decidedly in favor of granting such stays"); *Homa v. Am. Express Co.*, 2010 WL 4116481, at *8-9 (D.N.J. Oct. 18, 2010) (explaining that "[a]dvancing this litigation while" *Concepcion* is pending "may be an exercise in futility"); *Kaplan v. AT&T Mobility, LLC*, 2010 WL 4774790, at *1 (C.D. Cal. Sept. 27, 2010) (recognizing that "potential prejudice to the plaintiffs by delay" is "far outweighed by the potential prejudice to defendants that would result from the expense of litigating these claims," and that the "public interest in the preservation of judicial resources also weighs in favor of staying the case"); *see also, e.g.*, *In re Apple iPhone 3G & 3GS MMS Marketing & Sales Practices Litig.*, 864 F. Supp. 2d 451, 454–55 (E.D. La. 2012) (noting that the court had previously stayed the case pending the outcome of *Concepcion*); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1140 (D. Colo. 2012) (same).

## B.    The Balance Of Hardships And Judicial Economy Favor A Stay In This Case

In determining whether a stay is appropriate, a district court should balance "competing interests," *Landis*, 299 U.S. at 254-55, including "the possible damage resulting from granting a stay, the hardship or inequity a party may suffer if required to go forward, and the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2014 WL 5438546, at *2 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  The balancing of these interests tips overwhelmingly in favor of a stay.

### 1.    Several factors here weigh heavily in favor of a stay

The factors that weigh heavily in favor of a stay in this case include the jurisdictional nature of the standing issue presented by *Spokeo*, the public interest in judicial economy and efficient use of resources, and the harm to Lyft—and indeed to both parties—if the case is allowed to proceed only for this Court to later be divested of subject matter jurisdiction.

As an initial matter, the standing question presented in *Spokeo* goes to this Court's jurisdiction over this case.  As the court in *Boise v. ACE Ins., supra,* emphasized, "[i]t is . . .

`

1   relevant that . . . [*Spokeo*] deal[s] with threshold issues of jurisdiction and whether this case may

2   proceed at all." *Boise*, 2015 WL 4077433, at *6.  It is also clear that Lyft will be irreparably

3   harmed by being forced to litigate this case if this Court ultimately lacks jurisdiction.  Indeed,

4   "both parties could be harmed by the burden of potentially superfluous litigation." *Id.*  That is

5   because *all* of the time, expense, and resources required to litigate this case over the coming

6   months will be for naught if the Supreme Court rules that Nokchan lacks standing to bring his

7   claims.

8        Multiple courts have already found that the balance of harms weighs in favor of waiting

9   for the Supreme Court's decision in *Spokeo* in cases specifically involving the FCRA or other

10  similar statutes.  The *Boise* court underscored that conclusion:

11       "Plaintiff will not be unduly prejudiced or harmed by a stay of proceedings, which
         only stands to delay Plaintiff's potential recovery for a period likely less than
12       twelve months.  Conversely, without a stay, Defendant will be forced to endure
         onerous discovery and significant expenses, which may be needlessly incurred if
13       the Supreme Court rules favorably for the Defendant."

14  *Boise*, 2015 WL 4077433, at *6; *see also Larson*, 2015 WL 3945052, at *8 ("The

15  competing interests favor a stay."); Jones Decl. Ex. C (*Flores* order), at 3 ("Assuming Plaintiff

16  will prevail, a stay would merely delay Plaintiff's pursuit of compensation by, at most, one year.

17  By contrast, Defendant may have to incur the costs of litigating a Plaintiff later denied standing")

18  (citation omitted).

19       The benefits of waiting for the Supreme Court's decision on this threshold issue are so

20  plain that, in at least two pending FCRA actions, *all parties* have stipulated to a stay of the

21  proceedings.  *See Syed*, 2015 WL 3630310, at *1; Jones Decl. Ex. D (*Kirchner* order); *see also*

22  Jones Decl. Ex. E (*Monitronics* order).

23       On the other side of the ledger, it is clear that Nokchan will not be harmed by a stay.

24  Like the plaintiffs in many of the other cases in which courts have granted stays pending *Spokeo*,

25  he is likely to protest that a stay will delay his recovery of damages should he ultimately prevail

26  in the litigation.  But a delay in the potential payment of money damages is not the type of

27  irreparable harm that would justify denial of a stay in this Circuit (*see, e.g., CMAX, Inc.*, 300

28

`

1    F.2d at 269 (9th Cir. 1962) (delay in monetary recovery *not* sufficient damage to deny a stay));

2    or in this Court (*Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, 2009 WL 1010842, at *4

3    (N.D. Cal. Apr. 14, 2009) ("[A] delay in recovering potential monetary damages is not sufficient

4    harm to warrant a stay.")).

5        Moreover, "the length of the [requested] stay is neither indefinite nor immoderate."

6    *Boise*, 2015 WL 4077433, at *6.  As the *Boise* court explained nearly two months ago, "[t]he

7    Supreme Court has already granted certiorari [in *Spokeo*] . . . and will hear oral argument . . . in

8    its upcoming fall Term, which means that a decision is imminent within a year."  *Id.*  The length

9    of the requested stay has only become shorter since then.  Under these circumstances, it is highly

10   "likely [that] the other proceedings will be concluded within a reasonable time in relation to the

11   urgency of the claims presented to the court."  *Leyva*, 593 F. 2d at 864.

12       Accordingly, numerous courts have rejected plaintiffs' claims of prejudice in this context.

13   As one other court in the Ninth Circuit recently put it in granting a stay pending *Spokeo*, "[a]s

14   Plaintiff has suffered no actual harm, the risk of prejudice from delaying a decision on this case

15   for one year is low."  *Stone*, 2015 WL 4602968, at *2, *see also, e.g.*, Jones Decl. Ex. C (*Flores*

16   order), at 3 ("There is no showing that a stay will damage Plaintiff."); *id.* Ex. B (*Provo* order), at

17   3 ("[T]he Supreme Court is likely to issue a decision within one year and neither party will be

18   significantly prejudiced by a less than one year delay."); *id.* Ex. A (*Miller* order), at 5 ("[W]e do

19   not find that the plaintiff will suffer any real harm here, and any harm that the plaintiff may

20   arguably face is substantially outweighed by the importance that a decision in *Spokeo* likely will

21   have on this litigation, and the benefits to be realized by placing the litigation on hold while that

22   case is decided.").

23           **2.      The public interest in judicial economy also favors a stay**

24       A stay would also further the public interest in judicial economy.  As yet another district

25   court in the Ninth Circuit has observed, it "does not make sense for this Court to expend its time

26   and energy preparing this case for trial and possibly trying it only to learn at a later date . . . that

27   it was not the proper forum to hear the case."  *Lowden v. T-Mobile USA, Inc.*, 2006 WL

28

`

1   1896678, at *2 (W.D. Wash. July 10, 2006) (finding the "public interest would be best served by

2   issuing a stay because it would promote judicial economy"); *see also, e.g.*, *Sutherland v. Ernst &*

3   *Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) ("[C]onsiderations of judicial economy

4   counsel, as a general matter, against investment of court resources in proceedings that may prove

5   to have been unnecessary.").

6       And in the wake of the grant of certiorari in *Spokeo*, several other courts have

7   emphatically agreed that a stay in a case like this one will serve the "public interest in judicial

8   economy and efficiency."   *Boise*, 2015 WL 4077433, at *6 (What will amount to only "[a]

9   moderate delay here will free up judicial resources without any unfair prejudice or burden on the

10  Plaintiff."); *see also, e.g.*, *Hillson*, 2015 WL 4488493, at *1 ("The Court finds that a stay is

11  warranted, *inter alia*, because *Spokeo* has the high potential to be completely dispositive of the

12  instant case and because judicial economy favors a limited delay in awaiting the *Spokeo*

13  decision.") (footnote omitted); Jones Decl. Ex. C (*Flores* order), at 3 ("The stay will avoid the

14  chance of squandering judicial resources on a plaintiff later denied standing."); *id.* Ex. A (*Miller*

15  order), at 4 ("a stay is likely to promote a more orderly course of justice, and judicial economy,

16  by allowing the court and the parties to await the Supreme Court's guidance before proceeding

17  further").

18      In summary, Nokchan will not incur any cognizable damage from a stay, and multiple

19  other factors weigh heavily in favor of a stay.   The balance of hardships in this case tips

20  decidedly in favor of granting a stay, and when "the public interest is included, that balance is

21  overwhelming."   *Lopez v. Heckler*, 713 F.2d 1432, 1438 (9th Cir. 1983); *accord, e.g.*, *ASIS*

22  *Internet Servs. v. Member Source Media, LLC*, 2008 WL 4164822, at *3 (N.D. Cal. Sept. 8,

23  2008) ("[T]he balance of hardships together with considerations of judicial economy weigh

24  heavily in favor of a stay."); *Cuadras*, 2011 WL 227591, at *2 ("While the Court recognizes the

25  potential prejudice to the plaintiff due to delay, it finds that prejudice to be far outweighed by the

26  potential prejudice to defendant that would result from the expense of continuing to litigate these

27  claims.   The public interest in the preservation of judicial resources also weighs in favor of

28

1    staying the case [pending *Concepcion*].") (citation omitted); *Kaplan*, 2010 WL 4774790, at *1

2    (same); *McArdle v. AT&T Mobility LLC*, 2010 WL 2867305, at *4 (N.D. Cal. July 20, 2010)

3    ("Because the viability of prosecuting this case as a class action is in question, it is not apparent

4    that Defendants should bear this additional expense.  In addition, the public interest in the

5    preservation of judicial resources weighs in favor of staying this case.").

6          This Court should grant Lyft's motion.

7    **IV.    CONCLUSION**

8          Nokchan's complaint against Lyft should be dismissed for lack of subject matter

9    jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  In the alternative, the Court should stay this

10   case pending the Supreme Court's resolution of *Spokeo v. Robins*.

11   Dated:  August 26, 2015                    MAYER BROWN LLP

12

13                                              By: */s/ John P. Zaimes*
                                                John P. Zaimes
14
                                                Attorneys for Defendant,
15                                              LYFT, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28