MAYER BROWN LLP
John P. Zaimes (SBN 91933)
  *jzaimes@mayerbrown.com*
Ruth Zadikany (SBN 260288)
  *rzadikany@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9545
Facsimile: (213) 625-0248

MAYER BROWN LLP
Archis A. Parasharami (DC Bar No. 477493)
(admitted *pro hac vice*)
  *aparasharami@mayerbrown.com*
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Attorneys for Defendant
LYFT, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NOKCHAN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LYFT, INC., <br><br> Defendant. | Case No. 3:15-cv-03008-JCS <br><br> **LYFT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  Friday, August 19, 2016 <br> Time:  11:00 a.m. <br> Courtroom:  G, 15th Floor <br><br> Honorable Joseph C. Spero <br><br> [Proposed Order Filed Concurrently Herewith] |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on Friday, August 19, 2016, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Joseph C. Spero, in Courtroom G, 15th floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Lyft, Inc. ("Lyft") will, and hereby does, move to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Under the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), plaintiff Michael Nokchan lacks standing to sue.   *Spokeo* has changed the law, overturning the Ninth Circuit's prior rule that a plaintiff who alleges a bare statutory violation that relates to him or her in some way has satisfied the injury-in-fact requirement for Article III standing.   The Supreme Court held in *Spokeo* that "Article III standing ***requires a concrete injury*** even in the context of a statutory violation."   *Id.* at 1549 (emphasis added).   Nokchan alleges that when he signed up to be a driver on Lyft's platform, Lyft procured a background report about him.   He acknowledges that this practice was disclosed to him and that he filled out and signed a document authorizing the report, but he alleges that Lyft did not provide him with a stand-alone written disclosure or a summary of rights notice in violation of the Fair Credit Reporting Act and similar California statutes.   He alleges no concrete injury stemming from these claimed statutory violations, however, and therefore lacks Article III standing to sue.   His complaint therefore should be dismissed under Rule 12(b)(1).

This motion is based on this notice of motion and motion, on the accompanying memorandum of points and authorities, on the pleadings, papers and other documents on file in this action, and on such other evidence and argument as may be presented to the Court at or prior to the hearing in this matter.

`

1   Dated:  July 1, 2016                          MAYER BROWN LLP
                                                  JOHN P. ZAIMES
2                                                 ARCHIS A. PARASHARAMI
                                                  RUTH ZADIKANY
3

4                                                 By: */s/ John P. Zaimes*
                                                  John P. Zaimes
5
                                                  Attorney for Defendant,
6                                                 LYFT, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LYFT INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION;
CASE NO. 3:15-CV-03008-JCS

TABLE OF CONTENTS

Page

I.     PRELIMINARY STATEMENT ........................................................................... 1

II.    STATEMENT OF THE ISSUE TO BE DECIDED........................................................ 2

III.   BACKGROUND ....................................................................................... 2

IV.    *SPOKEO* CONFIRMS THAT A BARE STATUTORY VIOLATION
       DIVORCED FROM CONCRETE HARM FAILS TO SATISFY ARTICLE III............ 3

V.     NOKCHAN HAS FAILED TO ALLEGE CONCRETE HARM ................................... 6

VI.    CONCLUSION......................................................................................... 9

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*In re Capacitors Antitrust Litig.*,
   2015 WL 9489707 (N.D. Cal. Dec. 30, 2015)..........................................................7

6

*DaimlerChrysler Corp. v. Cuno*,
   547 U.S. 332 (2006).................................................................................................3, 4

7

8

*Edwards v. First Am. Corp.*,
   610 F.3d 514 (9th Cir. 2010) ......................................................................................4

9

10

*Gubala v. Time Warner Cable, Inc.*,
   2016 WL 3390415 (E.D. Wis. June 17, 2016)............................................................9

11

*Khan v. Children's Nat'l Health Sys.*,
   2016 WL 2946165 (D. Md. May 19, 2016)..............................................................6, 9

12

13

*Lee v. Am. Nat'l Ins. Co.*,
   260 F.3d 997 (9th Cir. 2001) ......................................................................................6

14

15

*Machlan v. Procter & Gamble Co.*,
   77 F. Supp. 3d 954 (N.D. Cal. 2015) ..........................................................................4

16

*Robins v. Spokeo, Inc.*,
   742 F.3d 409 (9th Cir. 2014) ......................................................................................4

17

18

*Sandoval v. Pharmacare US, Inc.*,
   No. 15-cv-738 (S.D. Cal. June 10, 2016)....................................................................6

19

20

*Smith v. Ohio State Univ.*,
   2016 WL 3182675 (S.D. Ohio June 8, 2016) ..................................................... *passim*

21

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016).................................................................................... *passim*

22

**Statutes, Rules and Regulations**

23

15 U.S.C. § 1681b(b)(2)(A)(i) ...........................................................................................7

24

25

15 U.S.C. § 1681d(a)(1)......................................................................................................8

26

15 U.S.C. § 1681g(c) ..........................................................................................................8

27

Cal. Civ. Code § 1785.20.5(a) .......................................................................................3, 8

28

ii

TABLE OF AUTHORITIES
(continued)

Page

Cal. Civ. Code § 1786.16(a)(2)(B) ............................................................................3, 7

Fed. R. Civ. Proc. 12(b)(1) ...................................................................................1

LYFT INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION;
CASE NO. 3:15-CV-03008-JCS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

**I.      PRELIMINARY STATEMENT**

3

The Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), makes

4 clear that plaintiff Michael Nokchan lacks standing to sue because he lacks the kind of concrete

5 injury that Article III requires.  Accordingly, defendant Lyft, Inc. moves to dismiss Nokchan's

6 complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

7 12(b)(1).

8

The Supreme Court in *Spokeo* held that a plaintiff must allege "concrete" harm—which

9 the Court described as harm that is "real" and "not abstract"—to establish Article III standing.

10 136 S. Ct. at 1548.  In doing so, the Supreme Court rejected the Ninth Circuit's prior rule that the

11 allegation of a statutory violation that relates to the plaintiff in some way is sufficient to establish

12 injury in fact and held that the allegation of a statutory violation does not by itself suffice to meet

13 the "real" harm standard:  "Article III standing requires a concrete injury even in the context of a

14 statutory violation." *Id.* at 1549.

15

Nokchan's lawsuit is the paradigm of a statutory-violation-only lawsuit that proliferated

16 under the Ninth Circuit's prior rule, but it is one that now must be dismissed under *Spokeo*.

17 Nokchan alleges in his complaint that Lyft procured background reports about him because he

18 wished to be a driver on Lyft's platform.  Compl. ¶¶ 2, 26, 50, 65.  He also acknowledges that he

19 was required to fill out and sign a form advising him that a background report would be

20 procured.  *Id.* ¶¶ 27, 51, 66.  But he contends that he is nonetheless entitled to sue Lyft because

21 he alleges that its disclosure was not in compliance with the provisions of the Fair Credit

22 Reporting Act ("FCRA") and California's Investigative Consumer Reporting Agencies Act

23 ("ICRAA") and Consumer Credit Reporting Agencies Act ("CCRAA"), largely because it was

24 "embedded with extraneous information." *Id.* ¶¶ 1, 2, 51.  Significantly, Nokchan does *not* assert

25 any injury apart from the claimed statutory violations.  He does not allege that Lyft took any

26 adverse action against him based on a background report, nor that he was harmed in any way by

27 Lyft's alleged failure to provide him with disclosures in the precise form mandated by statute.

28

`

Those deficiencies are fatal under *Spokeo*, which expressly held that "[a] violation of one of the FCRA's procedural requirements may result in no harm."  136 S. Ct. at 1550.  The bare procedural violations here certainly fit that description:  Indeed, in the weeks since *Spokeo* was handed down, one federal court has already applied it to reject Article III standing over nearly identical allegations that a defendant violated the FCRA by "improperly includ[ing] extraneous information" in its disclosure and authorization form.  *Smith v. Ohio State Univ.*, 2016 WL 3182675, at *1 (S.D. Ohio June 8, 2016).  This Court should do the same.

## II.     STATEMENT OF THE ISSUE TO BE DECIDED

Whether Nokchan lacks Article III standing to sue in light of the Supreme Court's decision in *Spokeo*, thereby depriving this Court of subject matter jurisdiction over Nokchan's claims.

## III.    BACKGROUND

Defendant Lyft is a mobile phone-based ridesharing platform.  It is designed to provide users with a friendly, safe, and affordable transportation option that matches people who need rides to particular destinations with people driving to or through those destinations. *See* https://www.lyft.com/drivers.  Lyft connects riders and drivers via its mobile phone application, the Lyft App.  *Id.*  Through the Lyft App, passengers can connect with fellow Lyft community members, providing passengers with a transportation alternative that is safe and sustainable.  *Id.*

Nokchan alleges that Lyft procured background reports about him and other applicants to be drivers on Lyft's platform.  Compl. ¶¶ 2, 26, 50, 65.[1]  He acknowledges that he was required to fill out and sign a form advising him that a background report would be procured (*id.* ¶¶ 27, 51, 66), but he alleges that Lyft's disclosure was not in compliance with the provisions of the FCRA and related California statutes.

---

[1]     Nokchan is incorrect to characterize drivers as "employees" or prospective drivers as "applicants for employment."  In fact, drivers are users of Lyft's platform for connecting passengers and drivers; they are not employees.  But this Court need not address that issue for purposes of resolving whether Nokchan has standing to sue.

`

1    Specifically, he alleges four causes of action: his first and third causes of action allege

2   that Lyft violated Section 1681b(b)(2) of the FCRA (Compl. ¶¶ 20-38) and Section

3   1786.16(a)(2)(B) of California's ICRAA (Compl. ¶¶ 44-58) because the disclosure allegedly was

4   "embedded with extraneous information" rather than presented as a "stand-alone" document.

5   Compl. ¶¶ 28, 51.  His second cause of action alleges that Lyft violated Sections 1681d(a)(1) and

6   1681g(c) of the FCRA by failing to provide a proper summary of rights notice.  Compl. ¶¶ 34-

7   35, 39-43.[2]  And his fourth cause of action alleges that Lyft violated Section 1785.20.5(a) of

8   California's CCRAA because the authorization form allegedly failed to "identify the source of

9   any credit report" and "the specific basis" for use of that report.  Compl. ¶¶ 59-72.

10   For each cause of action, Nokchan's only and identical allegation of injury is that he had

11   his "privacy and statutory rights invaded in violation of the FCRA [or ICRAA or CCRAA]."

12   Compl. ¶¶ 36, 56, 70.

13   Lyft previously moved to dismiss Nokchan's complaint for lack of subject matter

14   jurisdiction, or in the alternative to stay the case pending *Spokeo*.  Dkt. No. 18.  Rather than

15   oppose that motion, Nokchan stipulated to the entry of a stay until the Supreme Court decided

16   *Spokeo* (Dkt. No. 23), which this Court granted (Dkt. No. 24).  After *Spokeo* was decided,  the

17   parties agreed to, and the Court ordered, a briefing schedule and a hearing date for this motion.

18   Dkt. Nos. 29, 30.

19   **IV.   *SPOKEO* CONFIRMS THAT A BARE STATUTORY VIOLATION DIVORCED
20        FROM CONCRETE HARM FAILS TO SATISFY ARTICLE III**

21   "'Article III standing . . . enforces the Constitution's case-or-controversy requirement.'"

22   *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Elk Grove Unified School*

23   *Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).  Moreover, "the requirement that a litigant have

24   standing to invoke the authority of a federal court 'is an essential and unchanging part of the

---

27   [2]    Although paragraphs 34 and 35 of the complaint are located in Nokchan's first cause of
action, they appear to relate to his second cause of action under Section "1681d(a)" as well.
28   Compl. ¶ 35.

3

`

1   case-or-controversy requirement of Article III.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504

2   U.S. 555, 560 (1992)).

3       As the Supreme Court reiterated in *Spokeo*, in order to satisfy the "irreducible

4   constitutional minimum" of Article III standing, "[t]he plaintiff must have (1) suffered an injury

5   in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

6   to be redressed by a favorable judicial decision." 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at

7   560-61).  The plaintiff "bears the burden of establishing these elements," and "[w]here, as here, a

8   case is at the pleading stage, the plaintiff must ***clearly*** allege facts demonstrating each element."

9   *Id.* (emphasis added) (quotation marks and ellipsis omitted); *see also Machlan v. Procter &*

10  *Gamble Co.*, 77 F. Supp. 3d 954, 959 (N.D. Cal. 2015) ("[A]t the motion to dismiss stage,

11  Article III standing is adequately demonstrated through allegations of specific facts plausibly

12  explaining why the standing requirements are met.") (quotation marks omitted).

13      Here, Nokchan has failed to establish an injury in fact, necessitating dismissal of his

14  lawsuit.

15      Until recently, the rule in the Ninth Circuit was that the allegation of a statutory violation

16  that related to the plaintiff in some way was sufficient to establish injury in fact.  *See Robins v.*

17  *Spokeo, Inc.*, 742 F.3d 409, 413-14 (9th Cir. 2014), *vacated and remanded*, 136 S. Ct. 1540;

18  *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010), *cert. granted sub nom. First Am.*

19  *Fin. Corp. v. Edwards*, 564 U.S. 1018 (2011), *cert. dismissed as improvidently granted*, 132 S.

20  Ct. 2536 (2012) (*per curiam*).

21      But the Supreme Court rejected that rule in *Spokeo*.  The facts in *Spokeo* involved a web-

22  based search engine that retrieves publicly available information about individuals.  After a user

23  searches for a person by name, phone number, or email address, Spokeo's service retrieves

24  information relating to that person from various databases.  One of the persons about whom

25  Spokeo retrieved information sued the company in a putative class action under the FCRA,

26  alleging that some of the information the company disseminated about him was inaccurate.

27  *Spokeo*, 136 S. Ct. at 1544.

28

The Ninth Circuit held that the plaintiff had adequately pled standing.  It noted that, under then-governing Ninth Circuit precedent, a statutory violation was "usually a sufficient injury in fact to confer standing." *Spokeo*, 136 S. Ct. at 1546 (quotation marks omitted).  And it held that the plaintiff's alleged injury under FCRA was sufficient because he had alleged that "Spokeo violated *his* statutory rights [under FCRA], not just the statutory rights of other people," and that his "personal interests in the handling of his credit information are individualized rather than collective."  *Id.* (quotation marks omitted).

The Supreme Court vacated and remanded that decision, holding that the court of appeals had erred because it ignored the "concreteness" element of injury in fact.  *Spokeo*, 136 S. Ct. at 1545.  To satisfy this requirement, the Court held, the plaintiff must demonstrate that his or her alleged concrete injury "actually exist[s]" and that it is "real, and not abstract."  *Id.* at 1548 (quotation marks omitted).  "[T]angible injuries"—such as physical harm, or the loss of money or property—of course qualify as "concrete."  *Id.* at 1549.  The Supreme Court further pointed out that its prior decisions had identified particular types of intangible injuries that are concrete—such as when the government deprives someone of the ability to engage in free speech or the free exercise of religion.  *Id.* (citing *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (free speech); *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993) (free exercise)).  The Court went on to explain that: "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles."  *Id.* Therefore "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."  *Id.*  In addition, the Court noted that Congress may attempt to "identify intangible harms that meet minimum Article III requirements," and that Congress's judgment is "instructive and important"—but that does not end the Article III inquiry.

Most significantly, the Supreme Court explicitly held that "Congress's role . . . ***does not mean*** that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that

`

right.  ***Article III standing requires a concrete injury even in the context of a statutory violation.***"  *Spokeo*, 136 S. Ct. at 1549 (emphasis added).  Thus, a plaintiff "could not . . . allege ***a bare procedural violation, divorced from any concrete harm***, and satisfy the injury-in-fact requirement of Article III."  *Id.* (emphasis added).

While the Court remanded to the Ninth Circuit for further proceedings to determine whether the particular FCRA violations that the plaintiff in *Spokeo* alleged—none of which are at issue here—caused him any real, concrete harm, it emphasized that "[a] violation of one of the FCRA's procedural requirements may result in no harm" and thus result in no standing.  *Id.* at 1550.

## V.   NOKCHAN HAS FAILED TO ALLEGE CONCRETE HARM.

As *Spokeo* clarified, in order to establish injury, Nokchan must do more than merely allege a bare violation of the FCRA (or the related California statutes), "divorced from any concrete harm."[3]  Nokchan cannot meet that burden here, as he has alleged no real harm whatsoever—much less harm that is sufficiently concrete and real, and not abstract—from Lyft's alleged failure to provide him with the precise statutory disclosures.

Indeed, the circumstances here are much like those in the district court's post-*Spokeo* ruling in *Smith v. Ohio State, supra*, which rejected standing with respect to the plaintiffs' claims

---

[3]     *Spokeo* involved the FCRA alone, but the Court's reasoning necessarily applies to state statutes as well.  One federal district court has already reached that conclusion, applying *Spokeo* to hold that the plaintiff lacked Article III standing in a data breach case alleging state statutory and common-law violations.  *Khan v. Children's Nat'l Health Sys.*, 2016 WL 2946165, at *7 (D. Md. May 19, 2016) (noting that the plaintiff had "advance[d] no authority for the proposition that a state legislature or court, through a state statute or cause of action, can manufacture Article III standing for a litigant who has not suffered a concrete injury"); *see also* Order Denying Motion For Class Certification, at 14, *Sandoval v. Pharmacare US, Inc.*, No. 15-cv-738 (S.D. Cal. June 10, 2016), Dkt. No. 56 (applying *Spokeo* in holding that plaintiffs could not certify a class for alleged violations of both federal and state statutes as well as common-law claims in connection with the marketing and labeling of the defendant's product, in part because "the class includes consumers who have no cognizable injury, including those who obtained full refunds") (citing *Spokeo*, 136 S. Ct. at 1549).

Certainly a state legislature's authority to confer standing could not be *greater* than Congress's.  As the Ninth Circuit held in a case brought under a California statute, "a plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury" required by Article III.  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001).

`

1    that the disclosure and authorization provided by the defendant in connection with background

2    checks "improperly included extraneous information" in violation of Section 1681b(b) of the

3    FCRA—one of the same provisions under which Nokchan is suing.  *Smith*, 2016 WL 3182675,

4    at *1.   The plaintiffs in *Smith* alleged "that they were injured by having their privacy and

5    statutory rights violated," but they "admitted" that "they did not suffer a concrete consequential

6    damage as a result of [defendant's] alleged breach of the FCRA."  *Id.* at *1, *4.  Accordingly, the

7    court held, the plaintiffs lacked standing under *Spokeo*.  *Id.* at *4.

8          The same reasoning applies here.  Each of Nokchan's claims confirms that his complaint

9    is wholly devoid of allegations of concrete injury[4]:

10         ***Stand-alone disclosure.***   Nokchan's first and third cause of causes of action—under

11   Section 1681b(b) of the FCRA (15 U.S.C. § 1681b(b)) and Section 1786.16(a)(2)(B) of the

12   California ICRAA (Cal. Civ. Code § 1786.16(a)(2)(B)), respectively—are indistinguishable from

13   the allegations in *Smith*.   Both statutes require an entity procuring a "consumer report" or

14   "investigative consumer report" for "employment purposes" to disclose "that a consumer report

15   may be obtained for employment purposes" in a stand-alone document.   *See* 15 U.S.C.

16   § 1681b(b)(2)(A)(i); Cal. Civ. Code § 1786.16(a)(2)(B).[5]  Nokchan alleges that when he applied

17   to be a driver with Lyft, he filled out and signed a document "requiring [a] background check."

18   Compl. ¶¶ 27, 51.  His allegations make clear that he authorized Lyft to conduct the background

19   check (*id.*; *see also id.* ¶ 2, 26, 50); he alleges merely that the disclosures were "embedded with

20   extraneous information" and thereby "do not meet the requirements under the law."  *Id.* ¶¶ 28,

21   51.   Indeed, he does not even allege what "extraneous information" was supposedly included

22   with the disclosure and authorization.   Moreover, he fails to allege how this alleged technical

23   violation of the FCRA or the ICRAA in the formatting of the disclosure provided to him caused

---

25   [4]      "The Supreme Court has expressly directed that Article III standing must be measured
26   claim by claim."  *In re Capacitors Antitrust Litig.*, 2015 WL 9489707, at *4 (N.D. Cal. Dec. 30, 2015) (citing *DaimlerChrysler Corp.*, 547 U.S. at 352 ("[S]tanding is not dispensed in gross.")).

27   [5]      Although not material for purposes of this motion, Lyft disputes that these statutes apply
28   at all, because as noted above, drivers on the Lyft platform are independent contractors rather than employees.

`

1    him any "real" and "not abstract" harm.  *Spokeo*, 136 S. Ct. at 1548.  As in *Smith*, there is no

2    "concrete and particularized-injury-in-fact" alleged here, and thus "no Article III standing."

3    2016 WL 3182675, at *4.

4         ***Summary of rights.***  Nokchan's second cause of action asserts that Lyft failed to provide

5    him with the model summary of consumer rights prepared by the Consumer Financial Protection

6    Bureau under 15 U.S.C. § 1681g(c).  *See* 15 U.S.C. § 1681d(a)(1); Compl. ¶¶ 40, 42.  Nokchan

7    does not allege that the alleged failure to provide him with the statutory disclosures affected him

8    in ***any*** way, much less caused him concrete harm.  Rather, he asserts only that Lyft "did not

9    comply" with the statute.  Compl. ¶¶ 41, 43.  This bare statutory violation "divorced from

10   concrete harm" no longer suffices after *Spokeo*.  136 S. Ct. at 1549.

11        ***Notice of the source and use of a credit report.***  Nokchan does not have standing to bring

12   his final cause of action for many of the same reasons.  That cause of action alleges that the

13   authorization Nokchan filled out and signed to have Lyft perform a background check failed to

14   comply with the California CCRAA because it purportedly did not "identify the specific basis"

15   for the use of the credit report or identify "the source of the report."  Cal. Civ. Code

16   § 1785.20.5(a); Compl. ¶¶ 66-67.  But again, Nokchan does not even hazard an allegation of how

17   those purported deficiencies in the authorization form that he signed could have affected, much

18   less harmed, him in any way.  Instead, he asserts only that the notice was not "in compliance

19   with" the statute.  *Id.* ¶ 68.

20        In short, each of Nokchan's claims pleads nothing more than "a bare procedural

21   violation, divorced from any concrete harm."  *Spokeo*, 136 S. Ct. at 1549.  Accordingly, he

22   "cannot satisfy the injury-in-fact requirement of Article III."  *Id.*

23        Finally, Nokchan cannot avoid *Spokeo*'s requirement of "real" and "not abstract" harm

24   simply by appending the word "privacy" to his allegation that his "statutory rights" were

25   violated.  Compl. ¶¶ 36, 56, 70.  That vague incantation is just a restatement of his statutory

26   claims: he contends that his privacy rights were violated solely because the FCRA and related

27   California statutes were violated.  *Id.*  Indeed, the plaintiffs in *Smith* made a similar assertion that

28

`

"they suffered harm when their 'privacy was invaded and they were misled as to . . . their rights under the FCRA.'"  2016 WL 3182675, at *4 (quoting the plaintiffs' opposition to the motion to dismiss).  The *Smith* court rejected that argument, because plaintiffs "did not suffer a concrete consequential damage" as a result of the alleged statutory violations.  *Id.*  Other courts have agreed.  *See Gubala v. Time Warner Cable, Inc.*, 2016 WL 3390415, at *1, *4 (E.D. Wis. June 17, 2016) (applying *Spokeo* to dismiss for lack of standing a complaint alleging that the defendant "collected personal information" from consumers and failed to destroy it in violation of the Cable Communications Policy Act; plaintiff's allegation that "consumers value their personally identifiable information—and the privacy of that information—very highly" did not suffice because the allegations "do[] not demonstrate that the plaintiff has suffered a concrete injury"); *Khan*, 2016 WL 2946165, at *1, *6 (no standing to sue for privacy violations where hackers had obtained "patient information" from the defendant's hospital; the plaintiff "argu[ed] that the data breach has caused a loss of privacy that constitutes an injury in fact," but "ha[d] not identified any potential damages arising from such a loss and thus fail[ed] to allege a concrete and particularized injury") (quotation marks omitted).

## VI.   <u>CONCLUSION</u>

Nokchan's complaint against Lyft should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: July 1, 2016                                    MAYER BROWN LLP
                                                       JOHN P. ZAIMES
                                                       ARCHIS A. PARASHARAMI
                                                       RUTH ZADIKANY


                                                       By: <u>*/s/ John P. Zaimes*</u>
                                                              John P. Zaimes

                                                       Attorneys for Defendant
                                                       LYFT, INC.